IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Magali Salgado Martinez, <br> individually <br> and on behalf of all persons <br> similarly situated persons working <br> for Defendants <br> as members of a Collective as permitted <br> under the Fair Labor Standards Act; <br><br> Plaintiff, <br><br> vs. <br><br> Cabinet Tree Studio LLC., and <br> Cabinet Tree Studio LLC., <br> d/b/a Harris Cabinetry, <br> Robert Harris and Chris Harris <br> Individually <br> Under FLSA as Employers <br> And the Employee <br> Classification Act <br> Pursuant to 820 ILCS 185/63 <br><br> Defendants. | ) <br> ) <br> ) <br> ) CASE NO 25 CV 5126 <br> ) **Honorable** <br> ) **Magistrate Judge** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )**JURY TRIAL DEMANDED** <br> )**ON ALL COUNTS** <br> ) <br> ) |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, Magali Salgado Martinez, individually and on behalf of all others similarly situated, as a FLSA Collective representative, by and through her undersigned counsel of record, upon personal knowledge as to those allegations in which she so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) and the Illinois Classification Act (820 ILCS 185/1) (ICA) and brings these causes of action against Defendant Cabinet Tree Studio LLC., and Cabinet Tree Studio LLC., d/b/a Harris Cabinetry (Hereinafter referred to as "CTS" and/or "Defendant Cabinet Tree") as well as Robert Harris and Chris Harris individually as "Employers" under the FLSA, IMWL and the ICA against and in so doing states the following:

1

## NATURE OF THE ACTION

1.  Plaintiff alleges, individually and on behalf of herself and other similarly situated current, former and future employees [misclassified as "Independent Contractors" by Defendants] of the Defendants, (Hereinafter references to "Plaintiffs" are inclusive of both Individual Plaintiff and those employees that are similarly situated to the Individual Plaintiff) that they, under both federal and state wage laws, who were/are mis-classified as an "independent contractor(s)" thus Defendants did not pay Plaintiff, and/or the Collective Members, minimum wages, overtime wages, and/or all owed wages due under the FLSA and/or IMWL and/or the ICA.

2.  Plaintiff summarizes her claims herein as follows:

    a.  Plaintiff (and collective) were misclassified as "independent contractors" by Defendants, and should have been classified and paid as employees.

    b.  Plaintiff (and collective) were not paid time and half for overtime work, rather were paid straight time for overtime work hours.

    c.  Plaintiff (and collective) were misclassified and worked in the construction industry in the state of Illinois thus Defendants violated the ICA via that misclassification of employees as "Independent Contractors" in the construction industry.

3.  Plaintiff presents this claim as a collective action via allegations under the FLSA.

4.  Plaintiff was an employee who worked for Defendants at its suburban Chicago Illinois location during the relevant time period, and she was denied her clearly-established rights under applicable federal and state statutes.

5.  As a result of the practices of Defendants described herein, Defendants failed to adequately compensate Plaintiff, as well as those persons similarly-situated minimum and overtime wages as required by the FLSA and IMWL.

## JURISDICTION AND VENUE

6.  Plaintiff and those similarly situated seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

7.  Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

8.  This Complaint also alleges causes of action under the statutes of the State of Illinois, that arise out of the same set of operative facts as the federal causes of action herein alleged; furthermore; these state causes of action would be expected to be tried with the federal claims in a single judicial proceeding.

9.  This Court has supplemental jurisdiction over those additional claims pursuant to 28 U.S.C. § 1367(a).

10. The acts complained of herein were committed and had their principal effect, as described more fully below, within this District Court; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### JURISDICTION IS ESTABLISHED VIA ENGAGEMENT IN COMMERCE BY DEFENDANTS

### DEFENDANTS ARE ENTERPRISES THAT REGULARLY AND RECURRENTLY HAVE AT LEAST TWO EMPLOYEES ENGAGED IN COMMERCE

11. Defendants are an enterprise that regularly and recurrently have at least two employees engaged in commerce.

12. Defendants are enterprises that regularly and recurrently have at least two employees engaged in commerce.

13. Defendants engage in commerce via receiving payments via banking and/or credit card transactions that are transacted/transmitted to other states, via use of materials from other states and communications with customers from other states.

14. Plaintiff also pleads individual FLSA Jurisdiction as she handled and used items that were transported in commerce including dry wall, paint, spackle, paint brushes, tape, and supplies for painting and drywalling.

**JURISDICTION BASED ON GROSS SALES**
**DEFENDANTS GROSS SALES EXCEED $500,000**

15. Defendant Cabinet Tree is a corporation which operates a remodeling/ construction business in Plainfield Illinois.

16. Defendant sales exceed $500,000.00 each year for the last three years.

17. Defendant sales exceed $500,000 as shown by the following:

   a. Defendants have between 15-25 job sites operating at any one time

   b. Each job site typically involves remodeling or construction projects with $50,000-$200,000 budget (sales) and

   c. Defendants employ between 10-20 people at any one time.

   d. Defendants purchase equipment worth hundreds of thousands of dollars to do this construction/cabinet work.

**PARTIES**
**A. Plaintiff**

18. Magali Salgado Martinez is a resident of Illinois. Plaintiff worked as an employee and or "Independent Contractor" for Defendants' at their place of business located in the State of Illinois, within the area of this Division of this District Court.

19.　　Plaintiff worked in the Defendants as a construction worker and/or drywaller/painter.

20.　　Plaintiff was classified by Defendant CTS as an "Independent Contractor".

21.　　At all times relevant to this Complaint, Plaintiff and Collective were intentionally and improperly classified by Defendants as independent contractors, but in reality they were employees of Defendants subject to the requirements of the Fair Labor Standards Act, the Illinois Minimum Wage Act and the ICA.

22.　　As a result of Defendants intentional misclassification of Plaintiff and Collective, Plaintiff was not paid overtime wages at an overtime rate of pay for work hours over forty.

23.　　Plaintiff was paid straight time wages for all hours of work including overtime hours.

24.　　Plaintiff bring this action individually and as a representative on behalf of herself and all other employees who worked at Defendant's place of business within the three years immediately preceding the filing of this case, including all past, present or future workers who suffered wage and hour violations as described above.

### B. Defendant

25.　　Defendant CTS is a company located in Plainfield Illinois and was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the Illinois Minimum Wage Act, and the ICA for all relevant time periods.

26.　　Defendant CTS also operated as a d/b/a as "Harris Cabinetry" and Plaintiff and collective did construction work for the same entity.

27.　　As Harris Cabinetry is a d/b/a it is believed that there is only one corporate entity, based on the facts known to Plaintiff and gathered in drafting of this complaint.

**INDIVIDUAL DEFENDANTS**

28. Robert Harris and Chris Harris are named individually as "Employers" under the FLSA, IMWL and ICA.

29. Robert Harris and Chris Harris manage and control the operation of the Defendant business and dictates the employment policies of the Defendant CTS including but not limited to the decision to classify the Plaintiff and FLSA Collective as "independent contractors" (and/or lessees) and to pay those persons no overtime wages.

30. Individual Defendants made the decisions to classify Plaintiff and collective as "independent contractors", or keep or enforce the classification of the Plaintiff and the Class as "independent contractor(s)".

31. As owners and managers of the Corporate Defendants, Robert Harris and Chris Harris had the power to hire, fire and discipline employees and used that power to handle nearly 100% of the hiring, firing and disciplines of employees; via their agents and/or directly via their own actions.

32. As owners and managers of the Corporate Defendants Robert Harris and Chris Harris caused the wage violations either directly by failure to pay overtime and/or by writing or approving the Defendants policy and procedures which included blatant wage violations including a policy to not pay overtime.

33. Defendants Robert Harris and Chris Harris own and operates the corporate Defendant CTS.

34. Defendants Robert Harris and Chris Harris had day to day control of operations of the Corporate Defendant and Plaintiff's work.

6

35.     Defendants Robert Harris and Chris Harris also handled the payment (and shortage) of wages to the employees via handling or overseeing the payroll.

36.     Defendants Robert Harris and Chris Harris were aware that each time Plaintiff and the class worked over 40 hours, that Plaintiff and Class were not paid overtime.

37.     Defendants Robert Harris and Chris Harris wrote and/or enforced Defendants written policies and procedures.

### FACTUAL ALLEGATIONS WEEK BY WEEK

38.     Based on the preference of some District Court judges, Plaintiff provides a specific FLSA violation to provide sufficient factual basis for the FLSA jurisdiction. Plaintiff's claims are NOT limited to this singular example, rather this is provided only for illustration purposes.

39.     Plaintiff alleges that in she was not paid overtime pay in the week of January 12, 2025 to January 18, 2025; despite Plaintiff working 46 hours and 57 minutes. Thus Plaintiff is owed 6 hours and 57 minutes of half time wages for these overtime work hours that were paid at a straight time rate of pay.

40.     Plaintiff typically worked 12-13 hours per day, Monday to Friday, and Plaintiff worked some Saturdays, thus Plaintiff worked overtime nearly every week of work.

## FACTS SUPPORTING A FINDING OF

## MISCLASSIFICATION

### MISCLASSIFICATION PURSUANT TO THE ICA

41. Plaintiff's classification pursuant to the Illinois Classification Act is determined by the following four part statutory test:

(b) An individual performing services for a contractor is deemed to be an employee of the contractor unless it is shown that:
    (1) the individual has been and will continue to be free from control or direction over the performance of the service for the contractor, both under the individual's contract of service and in fact;
    (2) the service performed by the individual is outside the usual course of services performed by the contractor; and
    (3) the individual is engaged in an independently established trade, occupation, profession or business; or
    (4) the individual is deemed a legitimate sole proprietor or partnership under subsection (c) of this Section.

42. For Plaintiff none of the elements support Defendants' claim of Independent Contractor status; the facts that defeat the Defendants misclassification include:

   a. Plaintiff was not free of control, as her work, her schedule, her assigned tasks and all elements of her employment were subject to control by Defendants.

   b. The work of the Plaintiff was integral part of the employers' business. Defendants' business. Defendants' business is to construct or remodel homes and businesses, especially installing of cabinets and Plaintiff's work was drywall work and painting which is providing construction

8

or remodeling of buildings; thus Plaintiff work is an integral part of the Defendants' business.

c. Plaintiff was not engaged in an independent trade or business

d. Lastly, Plaintiff was not a sole proprietorship nor a partnership.

## MISCLASSIFICATION PURSUANT TO THE FLSA AND IMWL

43. Likewise under the tests for proper classification under the FLSA and IMWL Plaintiff was also misclassified.

44. Plaintiff had no control over the work environment whatsoever.

45. Defendants set the rules and had complete control over the work venue, and Plaintiff had to obey Defendants rules or risk everything, including loss of her job. This is the very hallmark of the economic dependence and control of an employer-employee relationship.

46. Despite being on notice of its violations, Defendants chose to continue to misclassify Plaintiff and other members of the proposed collective class and withhold overtime wages to them in effort to enhance their profits.

47. Defendants knew that persons such as Plaintiff and class were employees that should be paid under the law, and Defendants have simply chosen not to pay them.

48. Evaluation of proper classification is a multiple part test, which the Defendants have not properly applied to Plaintiffs in determination of their status, rather Defendants simply assumed incorrectly that the Plaintiffs and other employees were independent contractors, simply because the Defendants declared them to be.

49.     The test for Employee/contractor is found in a US DOL Fact Sheet #13: Am I an Employee?: Employment Relationship Under the Fair Labor Standards Act (FLSA) (revised May 2014).

50.     The elements of this test demonstrate that Plaintiff and the class are not properly classified. The elements are as follows:

1)  the extent to which the work performed is an integral part of the employer's business.

2) Whether the worker's managerial skills affect his or her opportunity for profit and loss.

3) The relative investments in facilities and equipment by the worker and the employer

4) The worker's skill and initiative.

5) The permanency of the worker's relationship with the employer.

6) The nature and degree of control by the employer

51.     Almost none of these factors are in Defendants' favor as alleged as follows:

1)  the extent to which the work performed is an integral part of the employer's business.

The work of the Plaintiff and Class is integral part of the employers' business. Defendant's business is providing construction or remodeling of buildings especially installing of cabinetry and the Plaintiff and the class's work is solely related to that business: the Plaintiff and class built and/or remodeled the Defendants' customers buildings. For the Plaintiff's work the remodeling of customer sites would not be complete without Plaintiff's drywall work and/or painting.

2) Whether the worker's managerial skills affect his or her opportunity for profit and

   loss.

   For the Plaintiff and Class there was no opportunity for profit or loss, the Plaintiff
   and class were paid the same baseline pay. While Plaintiff and class might have
   been able to earn commissions or bonuses, they did not have the opportunity to
   have a loss, thus showing they were not independent contractors.

3) The relative investments in facilities and equipment by the worker and the

   employer

   Here Plaintiff and class made/make no investment other than their time and
   efforts, while Defendants has made large investments in equipment.

4) The worker's skill and initiative.

   a. Here the Plaintiffs and class "skills" were simply construction or
      maintenance, no specialized skill or initiative was required.

5) The permanency of the worker's relationship with the employer.

   a. While some members of the class were short time workers, many worked

      for years.

   b. Plaintiff worked for Defendants for 1 year and several months, ending in

      early 2025.

6) The nature and degree of control by the employer

   a. Here Defendants have excreted strong and consistent control of employees,
      including: requiring particular hours of work and scheduling hours of work.
      Plaintiff also was assigned particular tasks on a daily basis and had to report
      the work done for review by his employers.

**B. The FLSA Collective Action**

52.     Plaintiff bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of Defendants who were, are, or will be employed by Defendants during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, and who assert any of the following claims:

    a.   Were misclassified as "independent contractors" by Defendants

    b.   not paid time and half for overtime work

53.     FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiffs, since the FLSA claims of the Plaintiff is similar to the FLSA claims of all construction and/or maintenance employees.

54.     Defendants are liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied the overtime premium FLSA. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

55.     Plaintiff and all other members of the proposed collective

have suffered injury, incurred damages and significant financial loss as a result

of Defendants' conduct complained of herein.


56.     Plaintiff brings claims for relief for violation of the FLSA as a

collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b),

on behalf of all persons who were, are, or will be employed by Defendants

as similarly situated construction and/or maintenance employees improperly

classified as independent contractors at any time within the applicable statute

of limitations period, who are entitled to payment of the following types of

damages:

(A)     minimum wages for the first forty (40) hours worked each week;

(B)     overtime premiums for all hours worked for Defendants in

excess of forty (40) hours in any week;

(C)     improper and/or insufficient taxation effects due to the

misclassification, such as employees paying higher rates of taxes

and/or Defendants not paying sufficient taxes.

(D)     liquidated damages and attorney's fees for the same

57.     Defendants can readily identify the members of the collective, who are a

certain portion of the current and former employees of Defendants.

58.     The names, physical and mailing addresses of the FLSA collective action

Plaintiff is available from Defendants, and notice should be provided to the

FLSA collective action Plaintiffs via first class mail to their last known

physical and mailing addresses as soon as possible.

59.     The email addresses of many of the FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

60.     Notice of the right to join this lawsuit should be posted conspicuously at Defendants' business in a manner consistent with the orders of this Court.

61.     Plaintiff assert that other current and former persons are similarly situated in that they are and/or were subject to Defendant's same and continuing policy and practice of intentionally misclassifying persons as independent contractors, as opposed to employees, and were not paid the minimum and overtime wages required under the FLSA.

62.     Because the employer never paid unemployment taxes, misclassified employees often do not receive unemployment compensation, thus Plaintiff and **collective** claim as damages unemployment payments improperly denied to the class.

63.     Misclassified employees, Plaintiff and **collective**, must pay the employer's share of federal employment taxes, this is also claimed as an additional element of damages.

64.     Plaintiff and collective have the same primary work duties remodeling, and/or installation of cabinetry.

65.     Plaintiff and Collective are similarly situated as the Plaintiff and the collective have the same job duties and/or are subject to the same policy of misclassification: remodeling, and/or installation of cabinetry. They are similarly situated also because of the following mirror image policy and

procedures:

a. Failure to pay overtime

b. Misclassification resulting in additional taxes ect.

## **FIRST CLAIM FOR RELIEF**

### **(Individual and Collective Claims for Violation of FLSA**

**Against all Defendants**

66.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

67.    Defendants violated the FLSA as follows:
   a.    Plaintiff and collective were misclassified as "independent contractors" by Defendants

   b.    Plaintiff and collective were not paid time and half for overtime work

68.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

69.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs initial complaint, plus periods of equitable tolling.

70.    Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein.

## SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of IMWL)

#### Against all Defendants

71.     Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint

above, as if fully set forth herein.

72.     Defendants violated the IMWL as follows:

a.    Plaintiff was misclassified as "independent contractors" by Defendant

b.   Plaintiff was not paid time and half for overtime work

73.     Defendants' conduct and practice, as described above, are and/or were willful,

intentional, unreasonable, arbitrary and in bad faith.

74.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs

for monetary damages, liquidated damages, prejudgment interest, civil

penalties and costs, including reasonable attorney's fees provided by the

IMWL.

75.     Plaintiff names the individual Defendant as alleged elsewhere in this

complaint, incorporated herein.

## PRAYER FOR RELIEF

WHEREFORE,        Plaintiff, individually and on behalf of others similarly

situated, respectfully prays that each Defendant be summoned to appear and answer

herein; for orders as follows:

(A)     Certification of and notice to the proposed
collective class;

(B)     For an order of this Honorable Court entering
judgment in Plaintiff's favor against each
Defendant, jointly and severally;

(C)     That the Court award Plaintiff her actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages;

(D)     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, <u>et sea</u>., and attendant regulations at 29 C.F.R. §516 et sea..;

(E)     A declaratory judgment that Defendant's practices alleged herein violate the Illinois Minimum Act,

(F)     Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* and attendant regulations at 29 C.F.R. §516 <u>et sea</u>.:

(G)     Judgment for damages for all unpaid regular wages and overtime compensation under the Illinois Minimum Wage Law, and attendant regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq* in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs and members of the Classes during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Illinois Minimum Wage Law,. and attendant regulations;

(J) Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled;

(K) For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendant;

(L) An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(M) Such other and further relief as this Court may deem necessary, just and proper.

## THIRD COUNT

## ILLINOIS CLASSIFICATION ACT CLAIMS

76.     Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein

77.     Plaintiff worked for Defendants in the construction industry whose work involved remodeling, construction and/or installation of cabinetry.

78.     Defendants classified Plaintiff as an "Independent Contractor".

79.     In accord with the provisions of ICA the Plaintiff was misclassified, as described elsewhere in this complaint in detail, and as a result she was not paid overtime wages at an over time rate of pay.

80.     Defendants willfully violated the ICA, thus penalties are due as per ICA 820 ILCS 185/45 (b)

WHEREFORE Plaintiff asks for the following statutory remedies:

(1) the amount of any wages, salary, employment benefits, or other compensation denied or lost to the person by reason of the violation, plus an equal amount in liquidated damages;
(2) compensatory damages and an amount up to $500 for each violation of this Act or any rule adopted under this Act;
(3) attorney's fees and costs.
4) any provision or penalty found to be recoverable pursuant to the ECA.

**<u>JURY TRIAL DEMANDED</u>**

**Respectfully Submitted by __ /S/John C. Ireland**
**The Law Office of John C. Ireland**
**636 Spruce Street South Elgin ILL 60177**
**630-464-9675**
**Fax 630-206-0889**
**Attorneyireland@gmail.com**

**Dated: May 8, 2025**

19